UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

Plaintiff, Case No. 3:26-cr-4

vs.

COLBY SMITH, District Judge Michael J. Newman

Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT (Doc. No. 25)**

---

In this criminal case, Defendant stands indicted on, among other charges, two counts of kidnapping, in violation of 18 U.S.C. § 1201(a). Doc. No. 12. Currently before the Court is Defendant's motion, filed through counsel, to dismiss the kidnapping charges against him. Doc. No. 25. The Government filed a response in opposition (Doc. No. 28), to which Defendant did not reply. The motion is now ripe for review. For the reasons set forth herein, Defendant's motion is denied.

According to the criminal complaint, Defendant allegedly forced two men at gunpoint to travel with him in certain vehicles. Doc. No. 1 at PageID 2–5. Defendant contends "[t]he vehicles in question were driven on the residential streets of the City and Township, all within Montgomery County, Ohio." Doc. No. 25 at PageID 63. He argues that the Government fails to allege cognizable violations of 18 U.S.C. § 1201(a) because all the alleged conduct occurred intrastate, *i.e.*, within Ohio. *Id.* at PageID 64–66.

There is no question that the federal kidnapping statute authorizes punishment of wholly intrastate kidnappings so long as channels, facilities, or instrumentalities of interstate commerce

were used to commit the offense. *United States v. Windham*, 53 F.4th 1006, 1013 (6th Cir. 2022); 18 U.S.C. § 1201(a)(1). Moreover, the Sixth Circuit "has held repeatedly and unambiguously that cars . . . are instrumentalities of interstate commerce." *Id.* (citing *United States v. Weathers*¸169 F.3d 336, 341 (6th Cir. 1999)).

Defendant does not dispute that cars were used to commit the alleged kidnapping offenses in this case. Doc. No. 25 at PageID 63. Rather, he points to a circuit split on the issue of whether vehicles are *per se* instrumentalities of interstate commerce. *See* Doc. No. 25 at PageID 64–66 (citing *United States v. Chavarria*, 140 F.4th 1257 (10th Cir. 2025)). In doing so, he asks this Court to disregard binding Sixth Circuit precedent and "trim the expansion of federal jurisdiction into traditional state's rights jurisdiction, by dismissing counts one and two of Defendant's indictment." Doc. No. 25 at PageID 66. However, this Court must follow binding precedent when it exists. *See e.g.*, *D'Ambrosio v. Bagley*, 688 F.Supp.2d 709, 721 (N.D. Ohio 2010).

Accordingly, Defendant's motion to dismiss counts one and two of the Indictment is **DENIED**.

**IT IS SO ORDERED.**

November 3, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge